

**MEMO ENDORSED**

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **Marina Moraru**<br>*Special Assistant Corporation Counsel*<br>Office:  212) 356-2456 |

March 4, 2024

**VIA ECF**
Hon. Gary Stein
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, New York 10007

    Re: *J.F. v. N.Y.C. Dep't of Educ.*, 24-cv-832 (DEH)(GS)

Dear Magistrate Judge Stein:

  I am a Special Assistant Corporation Counsel in the Office of Corporation Counsel, Hon. Sylvia O. Hinds-Radix, attorney for Defendant in the above-referenced action, wherein Plaintiff seeks solely attorneys' fees, costs, and expenses for legal work on an administrative proceeding under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq*. ("IDEA"), as well as for this action.

  I write to respectfully request a pre-motion conference of Defendant's anticipated motion for an order compelling Plaintiff's counsel, the Law Firm of Irina Roller ("LOIR") to provide, by March 7, 2024, relevant attorney billing records ("ABR") and relevant retainer agreement/s, and that this action be stayed for 90 days, with a joint status letter due no later than June 7, 2024 either informing the Court that the case has been fully resolved or proposing a briefing schedule on Plaintiff's simple fee application.  This is the first request for a stay and to compel.

  Plaintiff became a prevailing party on Feb. 8, 2021, and then inexplicably (and quite curiously) waited until close to the last day of the three-year statute of limitations (Feb. 5, 2024) to file a federal fee complaint, having not previously requested fees and costs directly from the New York City Department of Education ("DOE")—unlike the vast majority of thousands of such claims which are typically presented by most of the dozens of other IDEA firms comprising the parents' bar to the DOE within weeks or months of a parent prevailing at an IDEA administrative hearing.

  LOIR served the complaint on Feb. 12, 2024.  On Feb. 26, Defendant asked LOIR to provide ABR and retainer agreement/s by March 4 as well as an extension of the time to respond to the complaint.  In response, LOIR advised that Plaintiff consents to a 90-day extension of the time to Answer from the date they provide ABR and retainer agreements, *i.e.*, <u>April 2</u>.  Since April 2 is much too long of a delay to provide billing and retainers, I then requested consent to a 90-day stay of the

case from the date documents are provided, and asked that they be provided as soon as possible since we cannot otherwise work on the case. LOIR declined to consent. As this case requires no discovery, and liability appears to be not at issue, it is in essence nothing but a simple fee application. However, without ABR and retainer agreement/s, Defendant cannot begin its internal settlement review process — which typically takes approximately 90 days to complete — and entails reviewing the ABR together with the underlying administrative record.

We do not understand LOIR's delay. The billing records at issue are required to be prepared *contemporaneously* with the work LOIR performs related to this action and the underlying administrative proceedings. Many Judges in this District have stayed IDEA fees-only actions brought by plaintiffs represented by LOIR due to counsel's failure to provide ABR. Indeed, after Defendant made a motion to compel and to stay in *S.T.*, Judge Woods held a conference and voiced concern to LOIR over a delay similar to the one at issue here:

> As a brief aside for counsel for plaintiff, if you are running these cases, the underlying hearings, if you're keeping contemporaneous time records as you go while litigating the case, the process of presenting the records shouldn't be much more than pressing "print". What's the impediment here? The obligation is to create and maintain contemporaneous time records, which would be what you would be presenting to the Court. I expect, if you were to be litigating this in front of me, you would not be recreating your time records or reconstructing them. Instead, you would be printing out the contemporaneous time records, meaning records that you had made at the time of the representation. So it's not really clear to me why it would be that there is a time lag involved in the presentation of these records if indeed you are, as you are supposed to when you present motions to the Court, presenting contemporaneous time records.

*S.T. v. N.Y.C. Dep't of Educ.*, 20-cv-3816 (GHW)(RWL) (ECF 13; Sept. 11, 2020) (emphasis added) (on DOE's motion to compel billing records, Court held conference and directed provision of billing records).

LOIR's history of unreasonable delay is well-established. In another IDEA fees-only case, *J.A.*, 23-cv-8547 (VEC)(VF), after LOIR refused to provide retainer agreements, Judge Caproni ordered LOIR's client to show cause as to why the retainer agreements should not be provided to Defendant. (ECF No. 12). When Defendant informed the Court that LOIR had provided heavily redacted retainers, Judge Caproni issued an Order requiring LOIR to provide Defendant with fully unredacted retainer/s, warning Plaintiff's counsel that the Court will consider sanctions "if she engages in further gamesmanship that wastes the Court's time." *See* this Order attached as Exhibit A. Further, in *L.H.-L. v. N.Y.C. Dep't of Educ.*, 24-cv-775 (VEC), Judge Caproni issued an Order just a few days ago on March 1, directing Plaintiff by March 5 to either (a) produce ABR and retainer/s and file via ECF proof that the documents were produced, or (b) show cause why Plaintiff and her attorney should not be required to produce the documents by March 5. *See* this Order attached as Exhibit B. And in yet another recent LOIR fees case, *M.N. v. N.Y.C. Dep't of Educ.*, 23-cv-7791 (DLC), Judge Cote threatened to sanction LOIR for failure to follow the Court's ordered deadline for provision of ABR in an unrelated IDEA fees-only action.

In light of LOIR's history of delayed provision of ABR and retainer agreements, Defendant respectfully requests that the Court hold a pre-motion conference on Defendant's anticipated motion to stay and compel; or alternatively, order LOIR to produce ABR and retainer agreement/s

no later than March 7, 2024 and stay this action until June 7, 2024, with a status letter due by the same date either informing that the case has been fully resolved or proposing a briefing schedule.

    Thank you for considering these requests.

Respectfully submitted,<br>
/s/ *Marina Moraru*<br>
Marina Moraru, Esq.<br>
Special Assistant Corporation Counsel

cc: Irina Roller (via ECF)

---

The Court has reviewed this letter, Plaintiff's response (Dkt. No. 9), and Defendant's reply (Dkt. No. 10). By not later than March 20, 2024, Plaintiff shall either (1) provide Defendant with the relevant retainer agreement(s) and billing records (and inform the Court by letter that it has done so) or (2) show cause why she and her counsel should not be required to produce the relevant retainer agreement(s) and billing records by March 20, 2024. Defendant's time to respond to the Complaint is extended to June 20, 2024. The parties shall provide a status update to the Court by May 5, 2024.

Date: March 6, 2024
New York, New York

SO ORDERED:

_____
HON. GARY STEIN
UNITED STATES MAGISTRATE JUDGE